UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAJINDER SINGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1207SNLJ |
| | ) |
| M/S CROMPTON GREAVES LTD., | ) |
| ET. AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendants' motion to dismiss, or in the alternative, for more definite statement [28], filed September 6, 2011. Responsive pleadings have now all been filed and the matter is ripe for disposition.

*Pro se* plaintiff has filed this cause of action which appears to assert vague claims allegedly arising out of his employment with defendant Crompton Greaves Ltd, in Mumbai, India from 1978 through 1991. Plaintiff is a Michigan resident. Corporate defendant Crompton Greaves Ltd. is a company incorporated under the laws of India, and headquartered in India. Individual defendants Gautam Thapar, S.M. Trehan, and Sushant Arora (hereinafter referred to collectively as the Individual Defendants) are all Indian citizens residing in India.

Although difficult to discern the exact nature of the plaintiff's claims, it appears that his claims all revolve around certain actions allegedly taken by the defendants against the plaintiff over twenty (20) years ago while plaintiff was employed with defendant Crompton Greaves in India. It also appears that plaintiff is alleging that he is entitled to certain monetary benefits

under Indian law in connection with his purported retirement from defendant Crompton Greaves in 1991.

In the instant motion, defendants seek dismissal of this cause of action for lack of personal jurisdiction, insufficient process, and insufficient service of process pursuant to Rule 12(b)(2), (4) and (5) Federal Rule of Civil Procedure. Defendants contend that plaintiff has failed to properly serve the defendants because he served summons on a person (Missy Cox) at a facility (CG Power Systems USA) and that Ms. Cox was not authorized by appointment or the law to accept service on behalf of the defendants, and CG Power Systems is an independent U.S. subsidiary with no business connection whatsoever with corporate defendant Crompton Greaves Ltd. Defendants further contend that this Court lacks personal jurisdiction over the defendants because neither specific jurisdiction or general jurisdiction can be maintained to any degree which meets the requirements of Missouri's long-arm statute.

Plaintiff appears to contend that he has properly served corporate defendant Crompton Greaves by serving Missy Cox at CG Power Systems in Washington, Missouri. He avers that CG Power Systems is a subsidiary of Crompton Greaves and therefore can be served on behalf of Crompton Greaves; and that Missy Cox is "authorized" to receive summons for all the defendants. He further contends that because Ms. Cox sent the summons to the defendants in India, he has effectively served the defendants in India.

After careful consideration of the matter, review of the parties' pleadings, the submitted exhibits, and the relevant caselaw, the Court finds that plaintiff has failed to properly serve the defendants, and furthermore, even if had perfected service, this Court lacks personal jurisdiction over the defendants.

**Insufficient Process/Insufficient Service of Process**

It is undisputed that plaintiff did not serve corporate defendant Crompton Greaves or any of the Individual Defendants directly in Missouri. Instead, he had the Franklin County Sheriff's Department serve Missy Cox, the Human Resources Officer for SG Power Systems USA, in Washington, Missouri. Each of the relevant proofs of service clearly show that Ms. Cox was "designated by law to accept service of process on behalf of CG Powers Systems". Documents [16, 17, 18, and 19], filed August 9, 2011. In her sworn declaration, Ms. Cox attests that is not an employee, officer, partner, managing or general agent, or registered agent for Crompton Greaves Ltd, a company located in India. Defendants' Exhibit D [29-4] - Declaration of Missy Cox. She further attests that neither Crompton Greaves Ltd., Gautam Thapar, S.M. Trehan, nor Sushant Arora has authorized or instructed her to receive or accept summon or any other legal papers on behalf of any one of them. Cox Declaration - Exhibit D [29-4]. Plaintiff has offered no evidence to contradict the fact that Ms. Cox accepted service of the summons on behalf of CG Power Systems USA only; and that she was not authorized, at the time of the subject service, to accepts service on behalf of any one of the defendants.

Furthermore, the fact that Ms. Cox or someone else at CG Power Systems USA ultimately mailed the summons to the defendants in India is irrelevant because Ms. Cox was not authorized to accept service on behalf of these defendants in the first place.

Plaintiff failed to serve the Individual Defendants pursuant to Rule 4(e) or Rule 4(f) Fed.R.Civ.P. If a defendant is not properly served, a federal court lacks jurisdiction over that defendant. <u>AlliedSignal General Aviation Avionics</u>, 74 F.3d. 882, 885 (8th Cir. 1996) *citing* <u>Printed Media Services, Inc. v. Solna Web, Inc.</u>, 11 F.3d. 838, 843 (8th Cir. 1993); <u>Armour v. St. Louis County Work</u>, 2007 WL 3352342, *2 (E.D.Mo. November 7, 2007)(*citing* <u>AlliedSignal</u>

3

General Aviation Avionics, *supra.*). Thus, plaintiff's claims against the Individual Defendants will be dismissed pursuant to Rules 12(b)(4) and (5) Fed.R.Civ.P.

As for corporate defendant Crompton Greaves Ltd., service is also improper. Firstly, again, Ms. Cox was not authorized to accept summons on behalf of Crompton Greaves. Plaintiff attempts to circumvent this fact by contending that CG Power Systems USA is a subsidiary of Crompton Greaves, does business on behalf of Crompton Greaves, that the property where the CG Power Systems Washington, Missouri facility is located is owned by Crompton Greaves, and that two of the Individual Defendants (defendant Thapar and defendant Trehan) are directors of CG Power Systems USA. He contends that these factors somehow make CG Power Systems USA "part and parcel" of defendant Crompton Greaves, and therefore, service on CG Power Systems is service on Crompton Greaves. The plaintiff's argument is meritless.

It is undisputed that GS Power Systems USA is a fourth level subsidiary of defendant Crompton Greaves Ltd. Generally, service on a subsidiary corporation is not sufficient to effect service on the parent corporation unless the subsidiary is not operated independently of the parent corporation and is a mere alter ego of the parent corporation. Adams v. AlliedSignal General Aviation Avionics, at 885-86.

Plaintiff has offered nothing but speculation and conjecture that somehow defendant Crompton Greaves Ltd. and GS Power Systems USA are so intertwined as to be considered a single corporate entity. He speculates that because the GS Power Systems USA facility in Washington, Missouri is located on a road called "Avantha Drive", another subsidiary of defendant Crompton Greaves Ltd., Avantha Group, owns the property. He then further conjectures that Avantha Group is actually owned by Crompton Greaves Ltd also; thus, he opines that since defendant Crompton Greaves Ltd. "owns" Avantha Group, and Avantha Group

4

"bought" the property where GS Power Systems USA is located, Crompton Greaves Ltd. must also "own" GS Power Systems USA, and service on GS Power Systems USA is service on Crompton Greaves USA. He offers no objective evidence to support this contention, instead inviting the Court to contact the FBI and Homeland Security, as well as sift through Franklin County land deeds to prove his contention. The Court declines the plaintiff's "invitation" since it is not the Court's responsibility to prove proper service, but rather the plaintiff's burden to establish proper service.

Furthermore, the defendants' objective evidence filed before this Court clearly contradicts all of the plaintiff's assertions and demonstrate that CG Power Systems USA is an independently operated subsidiary, and not the alter ego of corporate defendant Crompton Greaves Ltd. Firstly, the two companies maintain separate financial records and bank accounts; have different directors and different officers; and are operated out of separate offices in different countries. Defendants' Exhibit C [29-3] - Declaration of Sushant Arora; Defendant's Exhibit [38-1] - Second Declaration of Sushant Arora. Contrary to the plaintiff's unsupported assertion, Individual Defendants Thapar and Trehan are not now or have ever been directors or officers of CG Power Systems USA. Defendants' Exhibits A and B [29-3] - Declarations of Gautam Thapar and Sudhir Trehan, respectively. None of the plaintiff's submitted exhibits link, in any manner, Thapar and Trehan to CG Power Systems USA. Finally, as stated previously, plaintiff has offered no objective evidence whatsoever that defendant Crompton Greaves Ltd. was primarily responsible for the construction of the CG Power Systems USA facility in Washington, Missouri.

Plaintiff has offered no probative evidence that defendant Crompton Greaves Ltd. and CG Power Systems USA are **not** independently operated; thus, service on an employee of a subsidiary (CG Power Systems USA) did not effect service on the parent corporation (defendant

5

Crompton Greaves Ltd.). Since Crompton Greaves Ltd. was improperly served, this Court lacks jurisdiction over Crompton Greaves Ltd. (as well as the Individual Defendants) whether or not any of the defendants had actual notice of this lawsuit. Adams v. AlliedSignal General Aviation Avionics, at 885-86 *citing* Printed Media, at 843. Thus, plaintiff's claims against the corporate defendant Crompton Greaves Ltd. will be dismissed pursuant to Rules 12(b)(4) and (5) Fed.R.Civ.P.

## Lack of Personal Jurisdiction

Although the defendants have been improperly served, and that alone merits dismissal, given the circumstances of this lawsuit[1], the Court will also address the defendants' motion as to lack of personal jurisdiction.[2]

In order for a federal court to exercise personal jurisdiction over a non-resident defendant two prerequisites must be satisfied. Johnson v. Arden, 614 F.3d 785, 794 (8th Cir. 2010); *see* KV Pharmaceutical, 648 F.3d at 592. Firstly, the forum state's long arm statute must be satisfied. Viasystems, 646 F.3d at 593; Johnson, 614 F.3d at 794. Secondly, the Court must determine whether the defendant has sufficient contacts with the forum state to satisfy due process concerns of the Fourteenth Amendment. Johnson, 614 F.3d at 794; Miller v. Nippon

---

[1]This is plaintiff's fourth (4th) attempt to seek recourse for alleged wrongs commited against him over twenty (20) years ago in India. Evidently, he filed two (2) unsuccessful lawsuits (one in 1992 and another in 1995) in India, and then a third unsuccessful lawsuit in Michigan in 2010. Plaintiff's Complaint [1], ¶1; Defendants' Exhibits E and F [29-5, 29-6].

[2]Plaintiff has continually asserted that his claims are brought under the "Alien Tort Act" which the Court surmises to be the Torture Victims Relief Act of 1998, 22 U.S.C. §§ 2152 *et. seq.* and which the federal courts have original jurisdiction pursuant to 28 U.S.C. §1350. However, without deciding the merits of subject matter jurisdiction in this case under the Torture Victims Relief Act of 1998, this Court must still first address whether this Court has personal jurisdiction over the defendants. *See,* Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999); Steel Co. v. Citizens for Better Environment, 523 U.S. 83 (1998).

Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir. 2008). The Eighth Circuit Court of Appeals suggests the due process and long arm statute inquiries should be analyzed separately. Viasystems, 646 F.3d at 593 n.2 (*citing* Bryant v. Smith Interior Design Grp., 310 S.W.3d 227, 231 (Mo. 2010)).

The reach of Missouri's long arm statute is a question of Missouri law. *See* Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 311 (8th Cir. 1982). Accordingly, the Court must accept the interpretation given the statute by the Missouri Supreme Court. *See* id. Missouri's long arm statute provides for personal jurisdiction over any person or firm who, *inter alia*, either in person or through an agent transacts business, makes a contract, or commits a tort within Missouri. Mo. Rev. Stat. § 506.500.1(1)-(3). Missouri's long-arm statute has been interpreted as covering "extraterritorial acts that yield consequences in Missouri." Furminator v. Wahba, No. 4:10-CV-01941, 2011 WL 3847390 at *2 (August 29, 2011) (*quoting* Bryant v. Smith Interior Design Grp., Inc., 310 S.W.2d 227, 232 (Mo. 2010)).

The second prerequisite - "minimum contacts" with the forum state -is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." J. McIntyre Mach. Ltd. v. Nicastro, 131 S.Ct. 2780, 2787 (2011). Due process requires that a plaintiff show that a non-resident have minimum contacts with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." Id.; World-Wide Volkswagen v. Woodson, 498 U.S. 286, 291-92 (1980); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); *see* Asahi Metal Indus. Co. v. Superior Court of California, Solano County, 480 U.S. 102, 109-112 (1987). A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. World-Wide

7

Volkswagen, 444 U.S. at 297; Stanton v. St. Jude Medical, 340 F.3d 690, 694 (8th Cir. 2001). Minimum contacts can cover a plethora of activities; however, sufficient minimum contacts "requires some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Nicastro, 131 S.Ct. at 2787 (*quoting* Hanson v. Denckla, 357 U.S. 235, 253 (1958)); see Miller, 528 F.3d at 1091.

The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" Stanton, 340 F.3d at 693-94 (*quoting* Burger King. Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations omitted)); *see also* Epps v. Stewart Information Servs. Corp., 327 F.3d 642, 648 (8th Cir. 2003). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state." Stanton, 340 F.3d at 694 (*quoting* Burger King, 471 U.S. at 475). That is, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. In other words, the cause of action must 'arise out of' or 'relate to' a defendant's activities within a state." Romak USA v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (internal citations omitted).

Based on the due process standard espoused by World-Wide Volkswagen and International Shoe and their progeny, the Eighth Circuit Court of Appeals established a five factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. Romak USA, 384 F.3d at 984; *but see* Bryant v. Smith Interior Design Grp., 310 S.W.3d 227, 233 n.4 (Mo. 2010) (noting that the five factor test is "simply a tool" as opposed to a required test). The five factors utilized by the Eighth Circuit Court of Appeals are: 1) the nature

8

and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. Romak USA, 384 F.3d at 984. The first three factors are of "primary importance", while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. Romak USA, 384 F.3d at 984; Dever, 380 F.3d at 1074; Stanton, 340 F.3d at 694; Guinness Imports, 153 F.3d at 614.

Furthermore, with respect to the third factor, the Supreme Court has differentiated between general and specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); *see also* Viasystems, 646 F.3d at 589. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" Viasystems, 646 F.3d at 593 (*quoting* Miller, 528 F.3d at 1091) (alteration in original) (omission in original)).

It is unclear as to whether the plaintiff is attempting to argue specific or general jurisdiction over the defendants since his lengthy pleadings focus almost exclusively on the alleged subject matter jurisdiction of the Court pursuant to the Alien Tort Act.[3]

In determining whether or not the Court may exercise jurisdiction over the Defendants in this matter, the Court first turns to an analysis of whether or not Missouri's long arm statute brings the Defendants within the jurisdiction of Missouri courts. Missouri's long arm statute provides that Missouri courts may exercise jurisdiction over nonresident defendants when, *inter*

---

[3]The Court refers to this statute as the Alien Tort Act since that is what the plaintiff consistently calls it in his pleadings.

9

*alia*, the nonresident defendant transacts any business within the state or makes any contract within the state. Mo. Rev. Stat. 506.500(1)-(2). The goal of the Missouri long arm statute is "to extend the jurisdiction of Missouri courts to numerous classes of out-of-state defendants who could not have been sued in Missouri under the preexisting law." State ex rel Metal Serv. Center of Georgia, Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo. 1984) (*en banc*).

Section 506.500(1) of the Missouri long arm statute confers jurisdiction over nonresidents transacting business within Missouri. Mo. Rev. Stat. 506.500(1). The statute is construed broadly, such that a single transaction can justify jurisdiction if it is the transaction sued upon. Capitol Indem. Corp. v. Citizen's National Bank of Fort Scott, N.A., 8 S.W.3d 893, 904 (Mo. App. E.D. 2000). It is not necessary that a nonresident business be qualified to transact business in Missouri in order to fall within the range of activities covered by the long arm statute. Peabody Holding Co. v. Costain Grp., PLC, 808 F.Supp. 1425, 1432 (E.D. Mo. 1992). The "transacting business" section of the Missouri long arm statue is not without limits, however. The Missouri Court of Appeals limited the reach of the transacting business section of the long arm statute, holding that the "use of the mail or telephone communications, without more, does not constitute the transaction of business for the purposes of long arm jurisdiction in Missouri." Johnson Heater Corp. v. Deppe, 86 S.W.3d 114, 119 (Mo. App. 2002); Capitol Indem. Corp., 8 S.W.3d at 904; *see also* Johnson v. Woodcock, 444 F.3d 953, 955 (8th Cir. 2006) ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause").

In the present case, plaintiff asserts that he was subjected to certain "wrongs" by the defendants while employed in India. He further asserts that corporate defendant Crompton Greaves Ltd. owes him certain retirement benefits under Indian law for services he provided to

Crompton Greaves Ltd. while employed and living in India from 1978-1991. Thus, none of the plaintiff's claims arise under any of the acts enumerated in Missouri's long-arm statute. Plaintiff has failed to establish that this Court has specific personal jurisdiction over corporate defendant Crompton Greaves Ltd.

As for the Individual Defendants, the Court also lacks specific personal jurisdiction. None of the Individual Defendants has any relationship to Missouri. None of them has ever resided in Missouri; has ever visited Missouri for any appreciable length of time; has ever personally transacted any business in Missouri; has ever knowingly committed any tort in Missouri; has ever used, owned or possessed any real or tangible personal property in Missouri; entered into any insurance contract related to property, person, or risk related to Missouri. Defendants' Exhibits A, B, and C (29-3] - Declarations of Thapar, Trehan, and Arora, respectively.

Plaintiff's own pleadings clearly show that the Individual Defendants have had no contact with Missouri whatsoever that can even be remotely linked to his claims which arise from his employment over twenty (20) years ago in India. Again, this Court lacks specific personal jurisdiction over the Individual Defendants.

General jurisdiction over a foreign corporation exists when the "foreign corporation [is] present and conducting substantial business in Missouri.". Wineteer v. Vietnam Helicopter Pilots Ass'n., 121 S.W.3d, 277, 282 (Mo.App. 2003) *quoting* State ex-rel K-Mart Corp. v. Holliger, 986 S.W.2d. 165, 167 (Mo. 1999); *see*, Bryant v. Smith Interior Design Group, 310 S.W.3d. 227, 232 (Mo. 2010)(general jurisdiction requires the defendant's contacts with Missouri be "systematic, continuous and substantial"); *see also*, Viasystems, Inc. EBM-Papst St. Georgen GMBH & Co., 646 F.3d. 589, 595 (8th Cir. 2011)(highlighting Missouri law on general

11

jurisdiction, especially as to foreign corporations). To establish general jurisdiction over a foreign corporation, two (2) elements must be satisfied: 1) valid service of the foreign corporation was obtained in Missouri; and 2) the foreign corporation was doing substantial business in Missouri. Wineteer, at 282; *see*, Fulton v. The Bunker Extreme, Inc., 343 S.W.3d. 9, 13 (Mo.App. 2011) *citing* Wineteer, *supra*. Service of process may be had on a foreign corporation within the State of Missouri by delivering a copy of the summons and petition to its registered agent. Rule 54.13(b)(3); §506.150.1(3) R.S.Mo.; *see*, Fulton, at 13; Wineteer, at 282. A foreign corporation, not served within the state, is deemed to be doing "substantial business" in Missouri such that "minimal contacts" meets due process requirements. Fulton, at 12-13; Wineteer, at 282-83.

Firstly, as already determined by the Court, corporate defendant Crompton Greaves Ltd. was not validly served in Missouri. Secondly, there is no evidence whatsoever that Crompton Greaves has ever consented to being sued in Missouri or is incorporated in Missouri. *See*, Bryant v. Smith Interior Design Group, at 232 (absent one of the traditional bases of personal jurisdiction: consent, presence, or domicile - a court may only assert personal jurisdiction if certain minimum contacts between the non-resident defendant and Missouri are established).

Plaintiff attempts to establish "minimum contacts" on the basis that CG Power Systems USA operates in Missouri on the behalf of Crompton Greaves Ltd. Personal jurisdiction can be based on the activities of a non-resident corporation's in-state subsidiary but "only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego.". Viasystems, at 596 *quoting* Epps v. Stewart Info. Systems Corp., 327 F.3d. 642, 648-49 (8th Cir. 2003). As already determined, Crompton Greaves Ltd. lacks the

control and domination over CG Power Systems USA necessary for this Court to rule that CG Power Systems USA is the alter ego of Crompton Greaves Ltd. Thus, plaintiff's asserted theory that the parent/subsidiary relationship allows for the exercise of general personal jurisdiction fails.

Plaintiff further appears to assert that due to Crompton Greaves website it has "worldwide service operations including in the [sic] Missouri." Plaintiff's Response [30], pg. 6. However, the plaintiff's exhibits reflecting the website only demonstrate that Crompton Greaves Ltd. owns various subsidiaries, and that these subsidiaries operate independently around the world, including Missouri. Furthermore, the website in and of itself is not sufficient to establish general personal jurisdiction even wherein the website describes activities of the non-resident parent corporation by attributing the activities of its direct and indirect subsidiaries because "the attribution of a connection or responsibility does not constitute contact by [non-resident parent corporation] with those places where its subsidiaries do business.". Bartlett Grain Co., L.P. v. American International Group, 2011 WL 3794036, *3 (W.D.Mo. August 24, 2011).

Plaintiff has failed to demonstrate, in any manner, minimal contacts within the State of Missouri by corporate defendant Crompton Greaves Ltd. which would allow this Court to exercise general personal jurisdiction under Missouri law.[4]

As for the Individual Defendants, it is clear that this Court has no basis for exercising general personal jurisdiction over any one of them. None of the Individual Defendants has ever consented to being sued in Missouri. None of them has ever been domiciled in Missouri. None

---

[4]Since plaintiff has failed to establish general personal jurisdiction over Crompton Greaves in order to satisfy Missouri's long-arm statute, there is no need to for the Court to perform a due process analysis. However, given that minimal contacts with Missouri is lacking, it is clear that the constitutional requirements of the Due Process Clause of the Fourteenth Amendment cannot be met.

13

of them has been properly served in Missouri. There is no evidence whatsoever that any one of them has had any systematic, continuous, and substantial contact with Missouri. Thus, this Court cannot exercise general personal jurisdiction over the Individual Defendants.

Since this Court cannot exercise personal jurisdiction over corporate defendant Crompton Greaves Ltd. or any one of the Individual Defendants, whether it be specific or general, the Court will dismiss without prejudice all claims against all defendants pursuant to Rule 12(b)(2) Fed.R.Civ.P. [5]

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss [28] be and is **GRANTED**. Plaintiff's complain, in its entirety, is hereby **DISMISSED WITHOUT PREJUDICE** for the afore-referenced reasons. No other action shall be taken in this case.

Dated this 18th day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[5] Although the Court agrees that the plaintiff's continuing efforts to sue these defendants in various forums since 1992 on claims that are approximately over twenty (20) years old borders on abuse of process, the Court cannot dismiss with prejudice for lack of personal jurisdiction since it is not a finding on the merits of the claims.